GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
Facsimile: (801) 843-1266
sperlein@aol.com

RICHARD STEVENS (*pro hac vice pending*)
THE STEVENS LAW FIRM
1736 East Sunshine Street
Plaza Towers Suite 419
Springfield, MO 65804
Telephone: (417) 889-4400
Facsimile: (417) 823-4849
richard.stevens@stevenslaw.us

Attorneys for Defendant,
ON SITE MARINE, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| LANDING WAY DEPOT, INC., ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>ON SITE MARINE, LLC; DE JONG & LEBET, INC.,<br><br>Defendants. | CASE NO.: CV-08-1537 (CRB)<br><br>**DEFENDANT ON SITE MARINE, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date: June 20th, 2008<br>Time: 10:00 a.m.<br>Place: CtRm 8, 19th Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVE that on June 10, 2008 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled court, located at 450 Golden Gate Ave., San

-1-

Francisco, California, Courtroom 8, 19th Floor, Defendant On Site Marine Shipyards, LLC (hereinafter referred to as On Site) will and hereby does move the Court for an order dismissing Plaintiffs' Complaint.

### REQUESTED RELIEF

On Site brings this motion on the grounds that plaintiffs have failed to comply with an agreement to arbitrate claims arising out of the contract between the parties and have failed to join a party that is indispensible for just adjudication of the matter before the Court. On Site's motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities the declaration of Michael Dismer filed herewith, the pleadings and papers on file herein, and any further material and argument presented to the Court at the time of the hearing.

### ISSUES TO BE DECIDED

Should the Court Dismiss Plaintiff's Complaint since Plaintiffs failed to adhere to the arbitration requirements of the Contract in question? Is the naval architect who actually designed the *Eva Joan* a party indispensable to the just adjudication of the issues before the Court, and should the Complaint therefore be dismissed for failure to join and indispensible party?

### STATEMENT OF RELEVANT FACTS

Plaintiffs, through their Complaint, seek recovery against Defendants based on the common law theories of negligence, breach of warranty and breach of contract. The action is brought pursuant to 28 U.S.C. §1332 alleging that Diversity of Citizenship Jurisdiction exists. Plaintiffs' Complaint, among other things, complains of defective design of a barge by Defendants.

The Complaint Attaches Exhibit A as the contract between Plaintiff and Defendant On Site. Article 16 of Exhibit A contains a mandatory mediation followed by if necessary, mandatory binding arbitration provisions. The article provides that suit cannot be brought without first complying with Article 16. Specifically the article reads, "[c]laims, disputes or other matters in question between the parties to this Contract arising out of or relating to this Contract or breach thereof shall be subject to and decided by mediation or arbitration."

Under the original plan Defendant De Jong & Lebet, Inc. (hereinafter referred to as De Jong & Lebet), were to provide the design for the six barges. Dismer Declaration at ¶3. However, Corto Meno Sand and Gravel, LLC, the signatory to the Contract and Landing Way's predecessor in interest, (referred to hereinafter as Corto Meno) later insisted that a different naval architect, complete the design plans. *Id*. at ¶4. Defendant believes Corto Meno hired Bay Ship and Yacht Co. (referred to hereinafter as Bay) as its new naval architect, although all of the details of the arrangements between Corto Meno and the new architect are yet unknown. On Site believes the individual who did the design work was an employee of Bay, but he does not know if he was acting as an employee of Bay in rendering his design services to Corto Meno. In any event, On Site built the barge according to the plans created by Corto Meno's new naval architect. *Id*. at ¶¶5 and 6.

The barge that sank on July 4, 2006 as alleged in the Complaint [Complaint at ¶20] was built according to the design and specifications of Corto Meno's own naval architect not DeJung & Lebet or On Site.

## ARGUMENT

**A. The Complaint Should be Dismissed Under FRCP 12(b)(1) (Lack of Subject Matter Jurisdiction) and FRCP 12(b)(6) (Failure to State a Claim) Because the Contract which forms the bases for all claims contains a mandatory mediation and arbitration clause.**

"Under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.* written agreements that controversies between the parties shall be settled by arbitration are valid, irrevocable, and enforceable. 9 U.S.C. § 2." *Dominguez v. Andrew Corp.*, No. 2007 U.S. Dist. LEXIS 91062, (N.D.Cal. Dec. 4, 2007). Thus, this Court does not have subject matter jurisdiction over the claims set forth in plaintiffs' Complaint. Similarly, Plaintiffs have failed to state a claim upon which relief can be granted, since the existence and validity of the arbitration clause is established by the Complaint and Exhibit A attached thereto.

"When a court determines that the entirety of a dispute is subject to arbitration, the court lacks subject matter jurisdiction and dismissal of the complaint is proper. See generally *Ass'n of*

*Flight Attendants v. Horizon Air Industries, Inc.*, 280 F.3d 901 (9th Cir. 2002); see also *Simula, Inc. v. Autoliv, Inc,* 175 F.3d 716 at 726 (9th Cir. 1999) (decision by Ninth Circuit affirms district court's order compelling arbitration and dismissing complaint where arbitration clause mandated submission of claims to arbitration)." *Swanson Restoration & Design, Inc. v. Paul Davis Restoration, Inc.*, 2007 U.S. Dist. LEXIS 96520 (C.D. Cal. Nov. 26, 2007).

Plaintiffs attached as an exhibit to the Complaint a copy of the contract that formed the basis of their claims. Complaint, Ex. A. Defendant On Site agrees that this is a true and compete copy of the contract the parties entered. Dismer Declaration at ¶2. The arbitration clause is broad and clearly covers all of the claims set forth in the Complaint, stating specifically, "[c]laims, disputes or other matters in question between the parties to this Contract arising out of or relating to this Contract or breach thereof shall be subject to and decided by mediation or arbitration." Complaint, Ex. A.

There can be no doubt whatsoever that the claims set forth in the Complaint are the type of claims and disputes covered under the arbitration clause of the contract. First, the clause is broad, covering not only claims arising out of the contract but also claims that merely relate to the contract.

Moreover, the fact that these causes of action arise out of the contract is highlighted by the fact that at virtually every turn Plaintiffs refer to the contract in support of their claims. The general allegations are replete with citations to the contract. The parties entered a written agreement. Complaint at ¶11. The contract provided for a staggered payment schedule. *Id*. at ¶12. The contract contained terms regarding On Site's experience and abilities. *Id*. at 13(a). The contract placed responsibility upon On Site for: development of design documents [*Id*. at ¶13(b)]; acts of its employees [*Id*. at ¶13(c)]; testing [*Id*. at ¶13(d)]; carrying liability insurance [*Id*. at

¶¶13(e)(f) and (g)]; and defending and indemnifying plaintiff. *Id*. at ¶13(h). The contract contained warranties. *Id*. at ¶¶13(i) and (j). The contract is governed by California law. *Id*. at ¶13(k). The Contract was assigned to Landing Way. *Id*. at 15.

Plaintiffs' reliance on the contract as the basis for its claims carried over into each of the specific causes of action as well. The breach of contract cause of action by its very nature arises from and is related to the contract. Clearly the duty that plaintiff's claim defendants breached with regard to the second cause of action for negligence sprang from the contract as well. Similarly, the breach of warranty causes of action were born of the contract and plaintiffs rely on the contract to describe those breached warranties.

Since all claims brought by Plaintiffs against On Site Marine Shipyards, LLC are based in the contract, and since that contract contains a valid and enforceable arbitration clause, the Court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

In the alternative, On Site moves the Court to stay these proceedings and compel mediation and arbitration.

**B. The Court Should Dismiss the Complaint because Plaintiff's Have Failed to Comply with Federal Rule of Civil Procedure 19.**

Plaintiff has failed to comply with FRCP 19(c) which requires disclosure of persons needed for just adjudication and the reason for nonjoinder. Not joined is the naval architect who designed the *Eva Joan*, whether it was Bay Ship and Yacht Company or some other entity. Bay is a California business entity. Corto Meno engaged its own naval architect to design the barge in question and gave final approval to On Site to build according to architect's design.

FRCP 19 addresses circumstances in which a lawsuit is proceeding without particular parties whose interests are central to the suit. It provides for the joinder of such "necessary" parties when feasible. Fed. R. Civ. P. 19(a). It then provides for the dismissal of suits when the court

determines that the joinder of the "necessary" parties is not feasible, but that they are, nonetheless, so "indispensable" that the suit must not be litigated without them. Fed. R. Civ. P. 19(b). *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 15 (1st Cir. Mass. 2008).

The Supreme Court has instructed that the decision whether to dismiss for nonjoinder is a practical determination that "must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968).

The first step of the query is to determine if the party *should* be joined if feasible. A party should be joined if complete relief cannot be afforded those who are already parties, absent the joinder of the absent party. FRCP 19(a)(1)(A). In this case the Court will not be able to provide complete relief of the existing parties without the joinder of the naval architect.

Plaintiffs' claims suggest that the sinking of the *Eva Joan* was the result of a design defect. Yet Plaintiffs fail to point out that the *Eva Joan* was essentially designed by a naval architect separate and distinct from Defendant De Jung & Lebet. Although Defendant De Jung & Lebet were originally charged with designing the barge, Corto Meno ordered that De Jung & Lebet cease its design work and turned that responsibility over to Bay Ship and Yacht. Dismer Declaration at ¶¶3-6. Should this matter proceed, an examination of the evidence will determine not only who was responsible for the design of the *Eva Joan*, but also who actually designed the barge and whether or not the design was negligent. Should Corto Meno's architect be the responsible party, full and complete relief cannot be provided to the existing parties, since no judgment could be entered against the architect absent the architect being joined in the litigation.

Having determined that the architect is a party who should be joined if feasible, the Court must then determine whether it is feasible to join the party. Here the answer is probably no, since Bay Ship and Yacht is the architect most likely responsible for the design of the barge and it is a resident of California. Adding Bay would destroy diversity of citizenship which is Plaintiffs' only basis for asserting this Court's jurisdiction over this matter. Accordingly, the Court should

dismiss the Complaint in its entirety.  Notwithstanding the arbitration clause discussed *supra*, plaintiffs may bring their cause of action in state court.

## **CONCLUSION**

All of the claims set forth in Plaintiffs' Complaint arise out of and are related to the contract entered into between the parties and/or their predecessors in interest.  That contract contained a provision requiring the parties to resolve through arbitration any and all claims arising out of the contract.  The arbitration clause is enforceable and bars plaintiffs from bringing this action in this Court.

Moreover, Plaintiffs have ignored the role Corto Meno's naval architect played in the events described in the Complaint.  The architect is indispensable for a just adjudication of this matter.  Since the architect cannot likely be joined without destroying diversity of the parties, the matter should be dismissed out right.

Respectfully Submitted,

Date: May 5, 2008                             By  /s/ Gill Sperlein
                                              Gill Sperlein
                                              THE LAW OFFICE OF GILL SPERLEIN


                                              By /s/ Richard Stevens
                                              Richard Stevens (*Pro Hac Vice* pending)
                                              THE STEVENS LAW FIRM

                                              Attorneys for Defendant On Site Marine, LLC

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

Date: May 5, 2008                             By  /s/ Gill Sperlein
                                              Gill Sperlein
                                              THE LAW OFFICE OF GILL SPERLEIN