COOPER, RIDGE & LANTINBERG, P.A.
WILLIAM G. COOPER (FBN 161233)
TIFFINY DOUGLAS SAFI (SBN 682101)
136 East Bay Street, Suite 301
Jacksonville, Florida 32202
Phone: 904.353.6555
Fax:   904.353.7550
wcooper@attorneyjax.com
tsafi@attorneyjax.com

*Attorneys for Defendant,*
*De Jong & Lebet, Inc.*
*Admitted Pro Hac Vice*

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
JAMIE M. ERRECART (SBN 214925)
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:   916.444.8334
jerrecart@mhalaw.com

*Attorneys for Defendant,*
*De Jong & Lebet, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| LANDING WAY DEPOT, INC., ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>Plaintiffs<br><br>v.<br><br>ON SITE MARINE, LLC, and DE JONG & LEBET, INC.,<br><br>Defendants. | Case No. 3:08-CV-1537 CRB<br><br>**ANSWER & AFFIRMATIVE DEFENSES** |

**DEFENDANT DEJONG & LEBET, INC.'S**

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, DeJong and Lebet, Inc., by and through its undersigned counsel, hereby answers the Complaint of Plaintiffs Landing Way Depot, Inc. and St. Paul Fire and Marine Insurance Company, and states:

1

DeJong & Lebet's Answer and Affirmative Defenses   1098098v1 99999/0001
[USDC, No. Dist of Calif., Case No. 3:08-CV1537 CRB]

## PARTIES

1. Without knowledge.

2. Without knowledge.

3. Without knowledge.

4. Admitted that DeJong & Lebet, Inc. is a Florida corporation with its principal place of business in Jacksonville, Florida; denied as to remainder.

5. Denied.

## JURISDICTION

6. Defendant DeJong and Lebet, Inc. hereby incorporates by reference its answers contained in the preceding paragraphs as if fully set forth herein.

7. Denied.

## VENUE

8. Defendant DeJong and Lebet, Inc. hereby incorporates by reference its answers contained in the preceding paragraphs as if fully set forth herein.

9. Denied.

## GENERAL ALLEGATIONS

### (The Design-Build Contract)

10. Defendant DeJong and Lebet, Inc. hereby incorporates by reference its answers contained in the preceding paragraphs as if fully set forth herein.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Admitted that On Site Marine Shipyards, L.L.C. retained the services of DeJong and Lebet, Inc. to design the subject hopper barge, *Eva Joan*; denied as to remainder.

15. Without knowledge.

16. Without knowledge.

### (Insurance)

17. Defendant DeJong and Lebet, Inc. hereby incorporates by reference its answers

1 contained in the preceding paragraphs as if fully set forth herein.

2    18.    Without knowledge.

**(The Sinking of the *Eva Joan*)**

4    19.    Without knowledge.

5    20.    Without knowledge.

6    21.    Without knowledge.

7    22.    Without knowledge.

**(The Insurance Claim)**

9    23.    Without knowledge.

10    24.    Without knowledge.

**(The Marine Surveys)**

12    25.    Without knowledge.

13    26.    Without knowledge.

## FIRST CAUSE OF ACTION

**(Breach of Contract – as to defendant ON SITE MARINE LLC)**

16    27.    Defendant DeJong and Lebet, Inc. hereby incorporates by reference its answers contained in the preceding paragraphs as if fully set forth herein.

18    28.    Without knowledge.

19    29.    Without knowledge.

20    30.    Without knowledge.

21    31.    Without knowledge.

22    32.    Without knowledge.

23    33.    Without knowledge.

## SECOND CAUSE OF ACTION

**(Negligence – as to All Defendants)**

26    34.    Defendant DeJong and Lebet, Inc. hereby incorporates by reference its answers contained in paragraphs 1 through 27 as if fully set forth herein.

28    35.    Denied.

1    36.    Denied.

2    37.    Denied.

### THIRD CAUSE OF ACTION

**(Breach of Express Warranty – as to ON SITE MARINE, LLC)**

38.    Defendant DeJong and Lebet, Inc. hereby incorporates by reference its answers contained in paragraphs 1 through 27 as if fully set forth herein.

39.    Without knowledge.

40.    Without knowledge.

41.    Without knowledge.

42.    Without knowledge.

43.    Without knowledge.

### FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability –**

**as to DE JONG AND LEBET, INC.)**

44.    Defendant DeJong and Lebet, Inc. hereby incorporates by reference its answers contained in paragraphs 1 through 27 as if fully set forth herein.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**Failure to Join an Indispensable Party Under Rule 19**

Plaintiffs have failed to join an indispensable party required for just adjudication of the claims alleged against Defendant DeJong and Lebet, Inc. under Rule 19, Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(7); Fed. R. Civ. P. 19. To wit, Plaintiffs have failed to join third party Bay Ship & Yacht Co. (and/or any affiliates) which, on information and belief, provided naval architectural services for the construction of the *Eva Joan*.

4

DeJong & Lebet's Answer and Affirmative Defenses
[USDC, No. Dist of Calif., Case No. 3:08-CV1537 CRB]    1098098v1 99999/0001

### SECOND AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction & Improper Venue

This Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, as Plaintiff failed to join as a defendant the indispensable third party named above, which is headquartered in Alameda, California. Accordingly, the proper joinder of this third party will destroy the diversity jurisdiction of this Court and render this Court to be an improper venue for the adjudication of these claims.

### THIRD AFFIRMATIVE DEFENSE

### Defective Construction

Any damages claimed by Plaintiffs in this action are the result of defective construction, and are not attributable to Defendant DeJong and Lebet, Inc.'s negligence or breach of implied warranty of merchantability.

### FOURTH AFFIRMATIVE DEFENSE

### Economic Loss Doctrine

Plaintiffs' negligence claim against Defendant DeJong & Lebet, Inc. is barred by the economic loss doctrine. <u>Rejects Skate Magazine, Inc. v. Acutrack, Inc.</u>, 2006 U.S. Dist. LEXIS 63157 (N.D. Cal. Aug. 22, 2006).

### FIFTH AFFIRMATIVE DEFENSE

### Contributory/Comparative Negligence

Plaintiffs are barred in whole or in part from bringing their claims against Defendant DeJong & Lebet, Inc. due to Plaintiffs contributory/comparative negligence. <u>Smith v. Wal-Mart Stores</u>, 2006 U.S. Dist. LEXIS 72225 (N.D. Cal. Sept. 20, 2006).

### SIXTH AFFIRMATIVE DEFENSE

### Ratification/Waiver

Plaintiff Landing Way Depot, Inc. ratified the naval architectural plans/drawings submitted by Defendant DeJong & Lebet, Inc. when it engaged a separate, third party naval architect to review said drawings, make design changes, and approve the drawing for construction. Accordingly, Plaintiffs have waived any of its claims against Defendant DeJong & Lebet, Inc. by the ratification of the drawings prior to the commencement of construction.

/

### SEVENTH AFFIRMATIVE DEFENSE

#### Privity

Plaintiffs failed to state a cause of action for breach of implied warranty of merchantability, and Defendant DeJong & Lebet, Inc. cannot be held liable for such a claim, as there is no privity of contract between Plaintiffs and Defendant. <u>United States Roofing v. Credit Alliance Corp.</u>, 228 Cal. App. 3d 1431, 1442 (Cal. App. 3d Dist. 1991).

### EIGHTH AFFIRMATIVE DEFENSE

#### Warranty Disclaimer

Defendant DeJong & Lebet, Inc. cannot be liable for breach of implied warranty of merchantability as any such warranty was expressly disclaimed. <u>Inter-Mark USA, Inc. v. Intuit, Inc.</u>, 2008 U.S. Dist. LEXIS 18834 (N.D. Cal. Feb. 27, 2008).

### NINTH AFFIRMATIVE DEFENSE

#### Failure to Mitigate

Plaintiffs claims are barred as against Defendant DeJong & Lebet, Inc. as Plaintiffs failed to properly mitigate their damages.

DATED:  May 15, 2008

COOPER, RIDGE & LANTINBERG, P.A.

 */s/ Tiffiny Douglas Safi*
William G. Cooper, Esquire
Tiffiny Douglas Safi, Esquire

Attorneys for Defendant, DeJong and Lebet, Inc.
Admitted Pro Hac Vice