Marilyn Raia, SBN 072320
E-Mail: marilyn.raia@bullivant.com
Peter Roldan, SBN 227067
E-Mail: peter.roldan@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California  94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff St. Paul Fire and
Marine Insurance Company

JAMES E. SELL, ESQ. (SBN 135935)
LYNCH, GILARDI & GRUMMER
A Professional Corporation
475 Sansome Street, Suite 1800
San Francisco, CA  94111
Telephone:    (415) 397-2800
Facsimile:    (415) 397-0937

Attorneys for Plaintiff
LANDING WAY DEPOT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LANDING WAY DEPOT, INC.; ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>ON SITE MARINE LLC; DE JONG & LEBET, INC.,<br><br>Defendants. | Case No.: 3:08-cv-01537-CRB<br><br>**PLAINTIFFS' OPPOSITION TO ON SITE MARINE, LLC'S MOTION TO DISMISS**<br><br>Date:  June 20, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 8, 19th Floor |

## I. INTRODUCTION

Defendant On Site Marine LLC ("On Site") seeks an order dismissing this action on the

grounds that Plaintiffs are obligated to arbitrate their claims against On Site under an arbitration

clause in the contract between On Site and Plaintiffs.  On Site also seeks to dismiss this action

on the grounds that Plaintiffs have failed to join a necessary and indispensible party.  But, On

1   Site ignores the fact that Plaintiffs have asserted claims against both On Site and defendant De

2   Jong & Lebet, Inc. ("De Jong"). De Jong is not a signatory to the contract between On Site and

3   Plaintiffs containing the arbitration agreement. Under federal and California law, the Court

4   should not dismiss an action and order arbitration of claims that involve a third party who is not

5   subject to an arbitration agreement. Furthermore, the Court should not dismiss this action under

6   Federal Rule of Civil Procedure 19 because there are no parties that are required to be joined

7   and Plaintiffs can obtain complete relief from On Site and De Jong. On Site's motion to dismiss

8   should be denied.

9                                    II. **BACKGROUND**

10          This action arises out of the design and construction of the hopper barge *Eva Joan* which

11  was damaged and sank on the first day that it was ever loaded with any cargo. The *Eva Joan*

12  was owned by plaintiff Landing Way Depot, Inc. ("Landing Way"). (Complaint, ¶ 1.) Landing

13  Way is the assignee of Corto Meno Sand & Gravel, LLC ("Corto Meno") which commissioned

14  the construction of the *Eva Joan*. (Complaint, ¶ 1.) The hull of the *Eva Joan* was insured by

15  plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul"). (Complaint, ¶ 2.)

16          On April 15, 2005, Corto Meno entered into an agreement with defendant On Site for the

17  design and construction of six barges, including the *Eva Joan* (the "Design-Build Contract").

18  (Complaint, ¶ 11.) Although On Site received the actual commission to design and build the

19  barges, Plaintiffs are informed and believe that the *Eva Joan* was actually designed by defendant

20  De Jong, a naval architecture company based in Florida. (Complaint, ¶ 4, 14.) De Jong was not

21  a party to the Design-Build Contract between Corto Meno and On Site.

22          On June 1, 2005, Corto Meno, with the knowledge and approval of On Site, assigned its

23  interest in the Design-Build Contract to Landing Way. (Complaint, ¶ 15, Exhibit B.) On Site's

24  consent to the assignment was memorialized on September 29, 2006. (Complaint, ¶ 15,

25  Exhibit C.)

26          Construction of the *Eva Joan* was completed on June 1, 2006, at which time it was

27  launched and towed to Alameda, California. (Complaint, ¶ 16, 19.) On June 16, 2006, the *Eva*

28  *Joan* was moved to Pier 54 in San Francisco, California. (Complaint, ¶ 19.) On July 4, 2006,

1    the *Eva Joan* was moved to San Francisco's Anchorage 9, where 2,500 tons of dry sand was

2    loaded into the *Eva Joan's* hopper. (Complaint, ¶ 20.) This load was approximately 62.5% of

3    the warranted cargo capacity of 4000 short tons. (Complaint, ¶ 20.) Shortly after completion of

4    loading operations, the *Eva Joan* buckled in the middle and sank, resulting in the mid-section of

5    the vessel coming to rest on the floor of San Francisco Bay, with the bow and stern rising out of

6    the water. (Complaint, ¶ 20.)

### III. THE CONTRACT AND ARBITRATION PROVISION

8         The Design-Build Contract includes the following provisions relating to dispute

9    resolution:

> 16.1    Claims, disputes or other matters in question between the
> parties arising out of or relating to this Contract or breach thereof
> shall be subject to and decided by mediation or arbitration. Such
> mediation or arbitration shall be conducted in accordance with the
> mediation or arbitration rules of the American Arbitration
> Association currently in effect. (Complaint, Exhibit A.)

14         Section 17.1 of the Design-Build Contract further provides that the "[c]ontract shall be

15    governed by the laws of the State of California." (Complaint, Exhibit A.)

### IV. LEGAL ARGUMENT

17 **A.    Court Should Not Dismiss This Action or Order Arbitration That Could Lead to
Conflicting Ruling on Common Issues of Law or Fact**

19         **1.    California Law Governs the Construction of the Arbitration Clause**

20         The Federal Arbitration Act requires that "arbitration proceed *in the manner provided*

21    *for in [the parties'] agreement.*" *Volt Information Sciences, Inc. v. Board of Trustees of Leland*

22    *Stanford*, 489 U.S. 468, 475, 109 S.Ct. 1248 (1989); 9 U.S.C. § 4. Therefore, a choice of law

23    provision designating the law of a particular state to govern the arbitration will be given effect.

24    *See Volt*, 489 U.S. at 479. The Design-Build Contract includes the following choice of law

25    provision stating that the contract is governed by California law:

> 17.1    This contract shall be governed by the laws of the State of
> California.

28    The California Supreme Court has construed such provisions to apply to arbitration clauses and

1   has held these provisions mean that the agreement incorporates both California substantive law

2   and California procedural rules regarding arbitration. *See Cronus Investments, Inc. v. Concierge*

3   *Services*, 35 Cal.4th 376, 388 (2005). Although the Ninth Circuit reached the opposite

4   conclusion in *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205 (9th Cir. 1998), the *Wolsey*

5   decision was published prior to the California Supreme Court's decision in *Cronus*. Because the

6   question of whether a choice of law provision displaces the Federal Arbitration Act rules is a

7   question of contractual interpretation, governed by state law, the Court should look to the more

8   recent decision of the California Supreme Court to interpret the scope of the choice of law

9   provision in the Design-Build Contract. *See, e.g., Security Ins. Co. of Hartford v. TIG*

10  *Insurance Company*, 360 F.3d 322, 328 n. 4 (2d Cir. 2004) (noting that the *Wolsey* court did not

11  predict how the California Supreme court would rule on the question of state law). Therefore,

12  the question of whether the Court should order arbitration should be addressed under California

13  substantive law and procedural rules relating to arbitration.

14       **2.    Court Should Refuse the Arbitration Request Because of Potential
              Conflicting Results**

15

16       Plaintiffs have asserted claims of breach of contract, negligence, and breach of express

17  warranty, against On Site and De Jong arising out of their failure to design and build a

18  seaworthy barge capable of carrying its intended cargo as set forth in the Design-Build Contact.

19  Although De Jong was not a party to the contract, Plaintiffs are informed and believe that De

20  Jong actually designed the *Eva Joan*. Therefore, De Jong is jointly responsible with On Site for

21  the failure to design a seaworthy barge. De Jong is not a party to the Design-Build Contract and

22  therefore is not subject to the terms of the arbitration clause in that contract. Accordingly, De

23  Jong cannot be ordered to participate in arbitration of the claims in this action. However,

24  Plaintiffs' claims against both On Site and De Jong arise out of the same transaction, namely,

25  the design and construction of the *Eva Joan*. Because De Jong may not be compelled to

26  participate in arbitration, there is a risk of conflicting rulings of law or findings of fact should

27  Plaintiffs' claims against On Site proceed to arbitration.

28  ///

1    California Code of Civil Procedure section 1281.2(c) specifically permits a Court to

2  refuse arbitration where, as is the case here, a party to the arbitration agreement is involved in a

3  pending court action with a third party, arising out of the same transaction or series of related

4  transactions and there is a possibility of conflicting rulings on a common issue of law or fact.

5  *See, e.g., Cronus*, 55 Cal.4th 376 (court ordered stay of arbitration pursuant to section 1281.2(c)

6  pending outcome of litigation when action involved multiple parties, some of whom were not

7  signatories to applicable arbitration provision).  Because Plaintiffs' claims against On Site and

8  De Jong all arise out of the same set of facts, principles of common sense and judicial economy

9  dictate that these claims be decided in a forum that allows for resolution of all claims among all

10  parties.  Therefore, the Court should deny On Site's motion to compel arbitration and allow this

11  action to continue.

12    **3.    Even If The Court Were to Order Arbitration of Plaintiffs' Claims,
        Dismissal of This Action Is Inappropriate**

13

14    Even if the Court should find that the claims in this action are arbitrable, dismissal of

15  this action is not the appropriate remedy.  Section 3 of the Federal Arbitration Act (9 U.S.C. § 3)

16  provides only that a court shall stay an action pending resolution of any arbitrable claims.  The

17  statute does not specifically authorize the dismissal of an action.  *See Bosinger v. Phillips*

18  *Plastics Corporation*, 57 F.Supp.2d 986, 994 n. 7 (declining to dismiss a complaint and noting

19  that Section 3 "mandates a stay and not dismissal").  Nor does California law authorize

20  dismissal of an action merely because the court has ordered arbitration.  Section 1281.4 of the

21  California Code of Civil Procedure provides only that a court may "stay [an] action or

22  proceeding until an arbitration is had in accordance with the order to arbitrate or until such

23  earlier time as the court specifies."

24    Although the Ninth Circuit affirmed a district court's order compelling arbitration and

25  dismissing a complaint in *Simula, Inc. v. Autolive, Inc.,* 175 F.3d 716 (9th Cir. 1999), that

26  action, unlike the instant case, did not include any parties or claims that were not subject to an

27  arbitration agreement.[1]  Similarly, *Swanson Restoration & Design, inc. v. Paul Davis*

28

---

[1] *Association of Flight Attendants, AFL-CIO v. Horizon Air Industries, Inc.*, 280 F.3d 901 (9th
Cir.), cited by On Site, is irrelevant to this discussion because it involves a determination of

10575499.1                                                    − 5 −

1  *Restoration, Inc.*, 2007 U.S. Dist LEXIS 9652 (C.D. Cal. 2007) involved only the parties to the

2  contract containing the arbitration clause.  On the other hand, in *Dominguez v. Andrew Corp.*,

3  2007 WL 4259480 (N.D. Cal. Dec. 4, 2007), an unpublished opinion cited by On Site, the court

4  ordered arbitration but declined to dismiss the action because the complaint included non-

5  arbitrable claims.  Plaintiffs are unaware of any opinions, published or otherwise, in which a

6  court has dismissed a complaint that contained non-arbitrable claims or that involved parties that

7  were not signatories to an arbitration agreement.

8      Therefore, under both federal and California law, if the Court determines that any of the

9  claims in this action to proceed to arbitration, the Court should order a stay of the action, rather

10  than a dismissal of the complaint.

11  **B.    No Additional Parties Are Required to Be Joined In This Action**

12      Rule 19(a) of the Federal Rules of Civil Procedure requires joinder of a "person who is

13  subject to service of process and whose joinder will not deprive the court of subject-matter

14  jurisdiction" only if

15            (A)   in that person's absence, the court cannot accord complete
                relief among the existing parties; or

16

17            (B)   that person claims an interest relating to the subject of the
                action . . . .

18  On Site contends that Plaintiffs have failed to join the naval architect who designed the *Eva*

19  *Joan*, specifically suggesting that Bay Design and Engineering ("Bay Design") designed the *Eva*

20  *Joan*.  But, Plaintiffs contend that defendants De Jong and On Site are the only parties involved

21  in the design of the *Eva Joan*.  On Site's only basis for contending otherwise is the

22  unsubstantiated declaration of Michael Dismer, president of On Site.[2]

23      Assuming, *arguendo*, that Bay Design was involved with the design of the *Eva Joan*,

24  Bay Design is not a party that is required to be joined because Plaintiffs can obtain complete

25

26  whether an action fell within the terms of a collective bargaining agreement or involved
statutory rights under the Railway Labor Act.

27

28  [2] *See* Declaration of Robert McIntosh in Support of Opposition to On Site Marine, LLC's
Motion to Dismiss.  Mr. McIntosh is the President of Landing Way, and his declaration refutes
the unsubstantiated contentions made in Mr. Dismer's declaration.

1  relief from the defendants who are already parties to this action.  On Site and De Jong are liable

2  to Plaintiffs for their failure to provide Landing Way with a seaworthy barge.  Bay Design is not

3  required to be joined simply because On Site believes that Bay Design is the party who is

4  actually liable for Plaintiffs' damages.  If On Site wants to recover from Bay Design, On Site

5  can either file a cross-complaint against it, or seek indemnity or contribution in a separate

6  action.  *See, e.g., Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 870 (E.D. Mich.

7  1999) ("[i]t is not relevant to a Rule 19 analysis that [the non-joined party] could be subject to a

8  later claim for contribution").

9      Even if Bay Design were required to be joined in this action, joinder is not feasible under

10  Rule 19 because joinder would deprive the court of subject matter jurisdiction.  Bay Design is a

11  citizen of California and would destroy diversity of citizenship if added as a defendant.

12  Therefore, the Court would have to determine whether "in equity and good conscience, the

13  action should proceed among the existing parties or should be dismissed." Fed.R.Civ.Pro.

14  19(b).  The factors to be considered by the Court include:

15      (1)    the extent to which a judgment rendered in the person's
              absence might prejudice that person or the existing parties;
16      (2)    the extent to which any prejudice would be lessened or
              avoided by:
17             (A)    protective provisions in the judgment;
               (B)    shaping the relief; or
18             (C)    other measures;
19      (3)    whether a judgment rendered in the person's absence
              would be adequate: and
20      (4)    whether the plaintiff would have an adequate remedy if the
              action were dismissed for non-joinder.

21  *Id.*  The question of whether an action should proceed or be dismissed "can only be determined

22  in the context of particular litigation." *Merrill Lynch, Pierce, Fenner and Smith, Incorporated*

23  *v. ENC Corporation*, 464 F.3d 885, 891 (9th Cir. 2006) (quoting *Provident Tradesmens Bank &*

24  *Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733 (1968)).

25      Based on consideration of the factors set forth in Rule 19(b), the Court should not

26  dismiss this action even if it finds that Bay Design is a necessary party under Rule 19(a).  A

27  judgment in this action would not prejudice Bay Design or any of the parties in this action

28  because defendants, as discussed above, may still seek indemnity or contribution in a separate

1  action against Bay Design if they so choose, and Bay Design would not be bound by any

2  judgment or findings in this action. Furthermore, as also discussed above, Plaintiffs can obtain

3  complete relief from On Site and De Jong in the absence of Bay Design.

4      Finally, even if Plaintiffs could seek relief in another forum if this action were

5  dismissed, "[t]he potential existence of another forum does not, in and of itself, outweigh a

6  plaintiff's right to the forum of his or her choice." *Local 670, United Rubber Workers v.*

7  *International Union, United Rubber Workers*, 822 F.2d 613, 622 (6th Cir. 1987). That is

8  because "[t]he availability of an alternative forum is primarily of negative significance under

9  Rule 19. The absence of an alternative forum would weigh heavily, if not conclusively against

10 dismissal while the existence of another forum would not have as significant an impact in favor

11 of dismissal." *Pasco Intern. (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 501 n. 9 (7th

12 Cir. 1980). In the absence of any other factors that would support dismissal under Rule 19, the

13 Court should deny On Site's motion to dismiss.

14                    V. **CONCLUSION**

15      For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny On

16 Site's motion to dismiss this action. Plaintiffs further request that the Court deny On Site's

17 alternative request to stay this action and compel mediation and arbitration.

18 DATED: May 30, 2008

19                         BULLIVANT HOUSER BAILEY PC

20

21                    By _____

22                         Marilyn Raia
                           Peter Roldan
23                         Attorneys for Plaintiff St. Paul Fire and Marine
   DATED: May 30, 2008    Insurance Company
24

25                         LYNCH, GILARDI & GRUMMER
                           A Professional Corporation
26

27                    By _____

28                         James E. Sell
                           Attorneys for Plaintiff Landing Way Depot,
                           Inc.

10575499.1                    -8-