GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California  94114
Telephone: (415) 378-2625
Facsimile: (801) 843-1266
sperlein@aol.com

RICHARD STEVENS (*pro hac vice pending*)
THE STEVENS LAW FIRM
1736 East Sunshine Street
Plaza Towers Suite 419
Springfield, MO  65804
Telephone: (417) 889-4400
Facsimile: (417) 823-4849
richard.stevens@stevenslaw.us

Attorneys for Defendant,
ON SITE MARINE, LLC

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| LANDING WAY DEPOT, INC., ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> ON SITE MARINE, LLC; DE JONG & LEBET, INC., <br><br> Defendants. | ) **CASE NO.: CV-08-1537 (CRB)** <br> ) <br> ) <br> ) **DEFENDANT ON SITE MARINE, LLC'S** <br> ) **REPLY TO PLAINTIFF'S OPPOSITION TO** <br> ) **MOTION TO DISMISS** <br> ) <br> ) <br> ) Date: June 20th, 2008 <br> ) Time: 10:00 a.m. <br> ) Place: CtRm 8, 19th Floor <br> ) <br> ) |

**I.     INTRODUCTION**

Plaintiffs do not deny that the construction contract contained an applicable arbitration clause.  Nor do they deny that the agreement involved interstate commerce and is therefore within the scope of the Federal Arbitration Act (FAA).  9 U.S.C. §1 et seq.  They do not deny that they

-1-

are bound by the arbitration agreement even though they were not original signatories to the contract. Plaintiffs do not allege that any of their substantive claims fall outside the coverage of the arbitration clause. Nor do they claim that the arbitration clause is procedurally or substantively unconscionable. Finally, plaintiff's do not dispute that if Cal. Code Civ. Pro §1281.2(c) does not apply, the FAA requires the Court to stay litigation and compel arbitration. 9 U.S.C. §3.

Plaintiffs merely argue that the general choice of law provision found at section 17.1 of the construction contract reflects an agreement by the parties to apply California procedural arbitration law to the enforcement of the arbitration agreement. Such an argument is strained at best and is in absolute conflict with California and Federal law.

## II. PLAINTIFFS' DEMAND THAT THE COURT APPLY CAL. CODE OF CIV. PRO. §1281.2(c) IS IMPROPER.

Plaintiffs begin their argument pressing for application of §1281.2(c) by properly stating that the United States Supreme Court ruled in *Volt* that parties may select the law of a particular state to govern an agreement to arbitrate. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford*, 489 U.S. 468, 109 S.Ct. 1248 (1989). However, plaintiffs fail to inform the Court, that six years later the Supreme Court further clarified the interplay between a choice-of-law provision and an agreement to arbitrate and ruled that if parties intend state laws to govern the issue of arbitrability they must make specific reference to the state law they intend to incorporate into their contracts. *Mastrobuono v. Shearson Lehman Hutton, Inc*., 514 U.S. 52, 115 S.Ct. 1212 (1995). A general choice-of-law clause will not suffice. For example, the choice-of-law clause in *Mastrobuono* which the Court found did not invoke New York procedural law, provided that the entire agreement "shall be governed by the laws of the State of New York." *Id*. 514 U.S. at 85.

The U.S. Supreme Court's ruling in *Mastrobuono* reflects the current state of the law and the Ninth Circuit and California Federal District Courts have consistently applied the

*Mastrobuono* Rule. *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1213 (9th Cir. Cal. 1998)("*Mastrobuono* dictates that general choice-of-law clauses do not incorporate state rules that govern the allocation of authority between courts and arbitrators"); *See also*, *Stone & Webster, Inc. v. Baker Process, Inc.*, 210 F. Supp. 2d 1177, 1183 (S.D. Cal. 2002)("[I]f parties to an arbitration agreement (subject to the FAA) intend to be bound by state procedural rules, they must expressly incorporate those state procedural rules into their contract").

Plaintiffs rely entirely on California's Supreme Court ruling in *Cronus Investments* to support its erroneous assertion that California construes simple choice-of-law clause provisions to incorporate California procedural rules regarding arbitration. However, the *Cronus Investment* decision does not even purport to set forth such a rule and the decision does not change the principles set forth by the U.S. Supreme Court in *Mastrobuono*.[1] The specific language at issue in *Cronus* was "[the] contract shall be *construed and enforced in accordance with and governed by the laws of the State of California*". *Cronus* 35 Cal 4th at 387. (*Emphasis added*). Consistent with prior federal and state case law, the court held that a clause that included the word *enforced* should be interpreted as an intent to apply California procedural law, including §1281.2(c).

However, the provision in the construction contract at issue here simply reads, the "[c]ontract shall be governed by the laws of the State of California." There is no reference to enforcement and no other indication that the parties wished to apply California procedural law.

---

[1] In fact the California Supreme Court in *Cronus Investments* did not focus on the issue of determining whether or not the clause invoked California procedural law. The Court focused on whether or not procedural rules found in the Federal Arbitration Act would preempt state procedural rules when the issue was raised in state court. *Cronus*, 35 Cal. 4th at 385. While the Court declined to follow the Federal principles set forth in *Mastrobuono* and *Woolsey*, (*Id*. at 393, n.8.) it did not question that those rules would prevail in Federal courts. *Id., in passim.*

-3-

This is the type of general choice-of-law provision that the U.S. Supreme Court found insufficient to express a desire to eschew the procedures of the FAA in favor of state procedural laws that limit the authority of arbitrators. *Mastrobuono,* 514 U.S. at 64. *See also*, *Wolsey,* 14 F.3d at 1212.

Plaintiffs fail in their attempt to cast the court's ruling in *Cronus Investments* as a departure from earlier case law. Even after the California Supreme Court's ruling in *Cronus*, courts have consistently found such general choice-of-law clauses are insufficient to invoke state procedural law, including §1281.2(c).

In *Olathe Senior Apartments, LP v. Ace Fire Underwriters Insurance Co.*, a Kansas Federal District Court ruled that a clause providing that the "agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to conflicts of law principles" did not trigger California procedural law, including §1281.2(c). *Olathe Senior Apts., LP v. Ace Fire Underwriters Ins. Co.*, 2005 U.S. Dist LEXIS 43449 (D. Kan., Sept. 29, 2005). Distinguishing the case from the decision upon which plaintiffs entirely rely, the court wrote, "[t]he choice-of-law provision at issue here makes no reference to "enforcement," which, from this court's analysis, appears to have been a critical factor in both the *Mount Diablo* and *Cronus Investments* courts' findings. *Id*. at *22-23. See also, *Nissan World, LLC v. Mkt. Scan Info. Sys., Inc.*, 2007 U.S. Lexis 41066 (D. N.J. June 5, 2007)(Provision that agreement was "to be governed and construed according to the laws of the State of California" was not sufficient to indicate a desire to apply California procedural law, including §1281.2(c)).

The general choice-of-law provision found in the construction contract does not trigger application of a California state procedural rule such as §1281.2(c) that allocates power between alternative tribunals and limits the authority of arbitrators.

### III. EVEN IF IT WERE PROPER TO APPLY CAL. CODE CIV. PRO. §1281.2(c) IN THIS MATTER, WHICH IT IS NOT, THE COURT SHOULD NONETHELESS COMPEL ARBITRATION.

Even if it were proper to apply Cal. Code Civ. Pro. §1281.2(c) in this matter, which it is not, the Court should nonetheless compel arbitration. Under Cal. Code of Civil Pro. §1281.2(c), a trial Court is not compelled to order arbitration when a non arbitrating party is named in the litigation. Specifically, under §1281.2(c)(3) the Court "may order arbitration among the parties who have agreed to arbitration and stay the pending court action or special proceeding pending the outcome of the arbitration proceeding." Cal. Code Civ. Pro. §1281.2(c)(3).

Plaintiffs have alleged that arbitration could result in conflicting results, but it has provided no basis for its claim. Nor have they explained how they might be prejudiced if the Court compels them to honor the agreed upon arbitration clause.

Plaintiffs again site *Cronus,* suggesting it demands courts to stay arbitration, rather then stay litigation whenever a non-arbitrating party is involved. However, *Cronus* involved ten parties, only three of which were signatories to the arbitration agreement. Moreover, even among three arbitrating parties, the vast majority of the claims were not covered by the arbitration agreement and so even the three arbitrating parties would find themselves in Court after the completion of arbitration. *Cronus*, 35 Cal 4th at 382. Here, the arbitration clause applies to all of plaintiffs' claims and there is only one party who is not subject to the arbitration agreement, De Jong & Lebet. Were it to be so easy, parties would simply add defendants in order to avoid unwanted arbitration.

Furthermore, the arbitration may eliminate the need for litigation between plaintiffs and De Jong & Lebet all together. For example, if it is determined that the failure of the *Eva Joan* was caused by inferior steel, improper loading or faulty construction, De Jong and Lebet, the alleged

designers of the ship, would not be liable at all and there would be no need to proceed against them.

In a matter with quite similar facts, a Southern California District Court wrote, that even if the parties had successfully incorporated Section §1281.2(c) into the contract, it would likely have still compelled arbitration based on the fact that the parties could still subpoena representatives of the third party to testify at arbitration and because litigation against the third party could easily proceed after the arbitration. *Stone Webster, Inc. v. Salton Sea Power, LLC*, 210 F. Supp 2d 1177, 1189 (S.D. Cal 2002).

Moreover, if called upon to exercise its discretion, the Court should bear in mind that "questions of arbitrability must be addressed healthy regard for the Federal preference towards arbitration". *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 103 S. Ct. 927, 941 (1983).

### IV.   BAY SHIP AND YACHT IS AN INDISPENSIBLE PARTY

By failing to include Bay Ship and Yacht as a party defendant, Plaintiff has effectively "dropped" a nondiverse party in order to obtain diversity jurisdiction. The case of *Soberay Machine and Equipment Company, v. MRF Limited, Inc.*, 181 F. 3rd 759 at 763 (6th Cir. 1999) instructs that "…a party may not create diversity by dropping a nondiverse and indispensable party…it is appropriate to drop a nondiverse and dispensable party…in order to achieve diversity."

Because Bay Ship and Yacht is indispensable, the Court should dismiss the Complaint or, in the alternative, allow defendant On Sight Marine LLC sufficient time to complete discovery relating to this issue.

## V. CONCLUSION

Federal law allows parties to select the law to be applied to an arbitration agreement, but if the parties intend the enforceability of the arbitration agreement to be subject to State law procedures they must state so specifically in their agreement. The California Supreme Court ruling in *Cronus Investments* dealt with a clause that specifically referred to enforcement and the ruling did not change the requirement that procedural law must be specifically invoked as described *supra*. The clause at issue here did not invoke California procedural law and the Federal rule, which compels arbitration must be followed.

Because the arbitration clause covers all of plaintiffs' claims against On Site it is wholly appropriate to dismiss On Site from this action regardless of whether or not the Court stays the action with regard to codefendant De Jong & Lebet.

Even if the Court were to apply §1281.2(c), the Court should stay litigation until after the parties subject to the arbitration agreement have completed arbitration.

Respectfully Submitted,

Date: *June 6, 2009*  

*/s/ Gill Sperlein*  
By_____  
Gill Sperlein  
THE LAW OFFICE OF GILL SPERLEIN

*/s/ Richard Stevens*  
BY_____  
Rich Stevens (*Pro Hac Vice* pending)  
THE STEVENS LAW FIRM

Attorneys for Defendant On Site Marine, LLC